THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0033-JCC |
| Plaintiff, | ORDER |
| v. | |
| HABEN SEBHATU, | |
| Defendant. | |

This matter comes before the Court on Defendant's unopposed motion to proceed with his sentencing via videoconference (Dkt. No. 79). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.   BACKGROUND

On July 7, 2020, Defendant pleaded guilty to one count of attempting to possess contraband in prison in violation of 18 U.S.C. §§ 1791(a)(2), 1791(b)(4). (*See* Dkt. Nos. 61–64.) Defendant was initially scheduled to be sentenced on August 11, 2020, and is presently scheduled to be sentenced on September 1, 2020. (*See* Dkt. Nos. 66, 67.) Defendant now moves to conduct his sentencing via video conference. (Dkt. No. 79.) In his motion, Defendant consents to proceed with his sentencing remotely. (*See id.* at 2.)

//

## II. DISCUSSION

On March 30, 2020, Chief Judge Ricardo S. Martinez issued General Order 04-20, which states in relevant part,

> The use of video conferencing or telephone conferencing for felony pleas under Fed. R. Crim. P. 11 and felony sentencings under Fed. R. Crim. P. 32 is hereby authorized provided that the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice. In cases that can be further delayed without such harm, the district judge should instead continue the sentencing or trial date.

W.D. Wash., General Order 04-20, at 2–3 (Mar. 30, 2020); *see* W.D. Wash., General Order 11-20, at 2 (July 30, 2020) (continuing General Order 04-20 through September 8, 2020).

Under General Order 11-20, in-person criminal hearings in the Seattle Courthouse of the Western District of Washington will not resume until at least September 8, 2020. *See* W.D. Wash., General Order 11-20, at 1–2 (July 30, 2020). Thus, absent the Court's intervention, Defendant cannot be sentenced in person until at least September 8, 2020. (*See* Dkt. Nos. 8–10.) Defendant would be prejudiced by further continuances of his sentencing, as the Government has agreed to limit its recommendation to six months of incarceration and the Bureau of Prisons will not resolve Defendant's eligibility for early release to a halfway house on his current sentence until his pending sentencing is held. (*See* Dkt. No. 79 at 2.) Therefore, the Court FINDS that Defendant's sentencing "cannot be further delayed without serious harm to the interests of justice." W.D. Wash., General Order 04-20, at 2–3 (Mar. 30, 2020).

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to proceed with his sentencing via video conference (Dkt. No. 79) is GRANTED. Defendant's sentencing will be held via video or teleconferencing on September 1, 2020, at 9:00 a.m.

//
//
//

1  DATED this 18th day of August 2020.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE